(9 Misc. Rep. 473.)

KANE et al. v. DAHLBENDER et al.

(Common Pleas of New York City and County, General Term. July 2, 1894.)

POWER OF ATTORNEY—CONSTRUCTION.

Under a power providing that the attorney is to take the care and management of the estate as the principal shall from "time to time direct;" to "let the same * * * as he, the attorney, shall adjudge for our interest;" and, in case of nonpayment of rent, to take proceeding to dispossess the tenant,—the attorney has power to rent the premises without personal direction from the principal.

Appeal from second district court.

Summary proceedings by Walter L. Kane and others, landlords, against Martin Dahlbender and others, tenants. There was a final order in favor of the landlords, and tenants appeal. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Tracy & Lane, for appellants.
J. J. Walsh, for respondents.

PER CURIAM. We think the court erred in excluding the power of attorney offered in evidence by the landlords, and in its construction of that instrument. The instrument plainly delegates several distinct powers to Mr. Ely, the attorney. The first is to take the care and management of the real estate belonging to the landlords, as they might "from time to time by letter direct." This power is separated from that which follows by a semicolon. Then is delegated the power to "let the same from year to year, or for a term of years not exceeding five, as he, the attorney, shall judge for our interest." This power has no limit as to personal direction from the landlords. Then follows a third power, also separated by a semicolon, which provides that "in case of nonpayment of rent, or the tenant shall hold over," to take proceedings to dispossess him. It might as well be claimed that the attorney could not take proceedings to dispossess tenants, unless authorized to do so by a letter, as to contend that he could not rent premises without such special direction, which clearly is not intended by the power. The judgment or final order should therefore be reversed, and a new trial ordered, with costs to abide the event.